CASANUEVA, Judge.
Appellant, Gail L. Russell, brings for review a final judgment dissolving her marriage to the appellee, William S. Russell, Jr. We find no error in the trial court’s denial of the wife’s request for an additional award of attorney fees, and, accordingly, affirm that aspect of the judgment. However, we find that the trial court erred in excluding the value of the husband’s medical practice from the equitable distribution calculations and also in determining the entire interest of certain real estate owned by the wife as a marital asset. We reverse.
At the non-jury trial on November 14, 1996, the husband acknowledged that his certified public accountant had valued his medical practice at $125,000, as reflected in his financial affidavit. We find that this uneon-troverted testimony was adequate competent evidence of value and direct that this amount be included in the equitable distribution plan.
The evidence at trial indicated that the wife inherited an interest in real property and a residence upon the death of her mother. This real property and residence were identified as the “Scottsmore Property.” A sibling waived his interest in that property and thereafter the wife purchased the remaining interest in the property from her sister with marital funds. After the property was acquired in 1993, the parties paid the mortgage with marital funds until the property was sold. Upon these facts, the trial court erroneously determined that the entire interest was a marital asset. The payment of the debt service on a nonmarital asset with marital funds does not transform the asset into a marital asset. Only the appreciation of the asset in value as a result of these payments is a marital asset and should be allocated between the parties. See Straley v. Frank, 612 So.2d 610 (Fla. 2d DCA 1992).
We remand with instructions to determine the proportion of the Scottsmore property that is nonmarital by reason of inheritance and gift. Furthermore, the trial court shall calculate the amounts improperly retained by the wife from payments received from the husband pursuant to the temporary order to debt service the Scottsmore property and thereafter include that amount within the equitable distribution plan.
In light of these modifications in equitable distribution, the trial court may wish to reconsider its award of permanent periodic alimony.
Affirmed in part; reversed in part; and remanded with instructions.
BLUE, A.C.J., and NORTHCUTT, J., concur.